IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RONNIE L. MC DANIEL,<br><br>      Plaintiff,<br><br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT and LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>      Defendants. | Case No. 2:09-CV-322-DB<br><br>**REPORT AND RECOMMENDATION** |

Before the court is a complaint filed by *pro se* Plaintiff, Ronnie Lee McDaniel. Plaintiff's complaint was filed on April 9, 2009 (Doc. 3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Doc. 1, 2). United States District Judge Dee Benson, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on June 12, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 3, 5.)

Due to Plaintiff's failure to comply with the court's order to show cause, and due to the complaint's failure to state a claim on which relief may be granted, the court recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

The court relies on Rule 41(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B) in recommending that Plaintiff's complaint be dismissed.

First, Rule 41(b) allows the court to dismiss a plaintiff's complaint for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe*, 492 F.3d 1158, 1161, 1161 n.2 (10th Cir. 2007). On December 10, 2009, the court ordered that within thirty days of that order, Plaintiff must show cause why his complaint should not be dismissed for failure to prosecute his case. (Doc. 10.) Contrary to that order, Plaintiff has not filed a responsive pleading. In fact, since that order was issued, Plaintiff has not filed any pleading in this case. As a result, Plaintiff has failed to comply with this court's order and, on that basis, the court may dismiss Plaintiff's complaint pursuant to Rule 41(b).

Second, 28 U.S.C. § 1915(e)(2)(B) directs that, in cases in which the Plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal . . . (ii) fails to state a claim on which relief may be granted . . . ." Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B) applies to this case.

The court notes that Plaintiff is proceeding *pro se*. As a result, the court construes his pleadings liberally and holds his

pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of his complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The court has carefully reviewed Plaintiff's complaint and concludes that it fails to state a claim on which relief may be granted. Plaintiff generally explains that he brought this case "because [he could not] seem to get law enforcement from threatening me for no reason or even looking into the matters" [sic]. (Doc. 3, at 3.) This general statement does not provide the court with a recognizable federal claim.

Plaintiff's stated causes of action are also generally stated and fail to supply the court with a federal cause of action. Plaintiff's first cause of action is "failure to provide police protection." (Doc. 3, at 4.) Plaintiff explains that he

3

"went to the police to file a report of death threats and asked for a detective's number and was told no! Then [he] was called a psycopath [sic] by the desk seargent [sic] and refused to be listened to and refused police services!" (Doc. 3, at 4.) Even construed liberally, these general statements simply do not state a recognizable federal claim against Defendants.

Plaintiff's second cause of action is "life endangerment." (Doc. 3, at 4.) Plaintiff explains that he has been stalked for four and one-half years "by persons who are identifying themselves as Las Vegas police officers with threats of murder and threats they are going to force me to take the blame for crimes I have no knowledge of and force me to sign over my corporation by means of torture!" (Doc. 3, at 4.) Again, as with Plaintiff's first claim, these statements, even when construed liberally, simply do not state a recognizable federal claim against Defendants.

Plaintiff's third stated cause of action is "mistaken identity/character assasination [sic] and slander," which he supports by stating, "officers have been stalking me and under false pretenses calling me a most notorious child molester and killer under the name Ronald Daniels and Richard Fuller trying to blame other suspects [sic] crimes onto myself under heresay [sic] evidence." (Doc. 3, at 6.) The court finds this stated cause of action very confusing. It is impossible to discern exactly what Plaintiff is alleging, and the court will not engage in

4

speculation.  Also, as with Plaintiff's first two claims, these statements setting forth Plaintiff's third claim do not state a recognizable federal claim supported by sufficient factual averments.

In summary, Plaintiff's complaint neither sets forth any recognizable legal claims, nor does it include a sufficient statement of supporting facts allowing the court to determine Plaintiff has stated a federal claim upon which relief can be granted.  As a result, the court concludes that Plaintiff's complaint fails to set forth a federal claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the above analysis, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED.**

Copies of the foregoing report and recommendation are being sent to the parties who are hereby notified of their right to object to the same.  The parties must file any objections to the report and recommendation, pursuant to 28 U.S.C. § 636(b), within fourteen (14) days after receiving it.  Failure to file

objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 27th day of January, 2010.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge